| Fill in this information to identify the case: | |
| --- | --- |
| United States Bankruptcy Court for the: | |
| Southern District of New York | |
| (State) | |
| Case number *(if known)*: _____    Chapter __11__ | ☐ Check if this is an amended filing |

### Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/19**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | **Debtor's Name** | **Deluxe (Delaware) Canada Holdings Corporation** | |
| --- | --- | --- | --- |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **DT Cinema US LLC; Deluxe Media Management and Retail Sales LLC** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-4160088** | |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
| --- | --- |
| **2400 West Empire Avenue** | **50 Main Street, Suite 1014** |
| Number        Street | Number        Street |
| | P.O. Box |
| **Burbank**        **CA**    **91504** | **White Plains**        **NY**    **10606** |
| City        State    Zip Code | City        State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Los Angeles** | **50 Main Street, Suite 1014** |
| County | Number        Street |
| | **White Plains**        **NY**    **10606** |
| | City        State    Zip Code |

| 5. | **Debtor's website** (URL) | **https://www.bydeluxe.com** |
| --- | --- | --- |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Deluxe (Delaware) Canada Holdings Corporation | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **7.** | **Describe debtor's business** | A. *Check One:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5121**

| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
|---|---|---|

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No | | | | | |
|---|---|---|---|---|---|---|---|
| | | ☐ Yes. | District | _____ | When | MM/DD/YYYY | Case number | _____ |
| | If more than 2 cases, attach a separate list. | | District | _____ | When | MM/DD/YYYY | Case number | _____ |

| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No | | | | |
|---|---|---|---|---|---|---|
| | | ☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
| | List all cases.  If more than 1, attach a separate list. | | District | **Southern District of New York** | When | **10/03/2019** MM / DD / YYYY |
| | | | Case number, if known | _____ | | |

Debtor   **Deluxe (Delaware) Canada Holdings Corporation**
    Name

Case number *(if known)*

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number       Street

_____
City                              State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

        Contact name _____

        Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | Deluxe (Delaware) Canada Holdings Corporation | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities (on a consolidated basis)**

☐ $0-$50,000  ☐ $1,000,001-$10 million  ☐ $500,000,001-$1 billion
☐ $50,001-$100,000  ☐ $10,000,001-$50 million  ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million  ☐ $100,000,001-$500 million  ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **10/03//2019**
                MM/ DD / YYYY

✗   **/s/ Eric Cummins**                                    **John Eric "Eric" Cummins**
    Signature of authorized representative of debtor         Printed name

    Title   **Executive Vice President & Chief Financial Officer**

---

**18. Signature of attorney**

✗   **/s/ Jonathan S. Henes**                    Date   **10/03/2019**
    Signature of attorney for debtor                     MM/ DD/YYYY

    **Jonathan S. Henes**
    Printed name

    **Kirkland & Ellis, LLP**
    Firm name

    **601 Lexington Avenue**
    Number                          Street

    **New York**                                    **New York**          **10022**
    City                                            State                 ZIP Code

    **212-446-4800**                                **jonathan.henes@kirkland.com**
    Contact phone                                   Email address

    **2822203**                                     **New York**
    Bar number                                      State

---

**Fill in this information to identify the case**:

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number *(if known)*:                Chapter    11

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Deluxe Entertainment Services Group Inc.

- Deluxe Entertainment Services Group Inc.
- Bobco Productions LLC
- Company 3 LLC
- Deluxe (Delaware) Canada Holdings Corporation
- Deluxe 3D LLC
- Deluxe Creative Services Inc.
- Deluxe Digital Cinema Inc.
- Deluxe Digital Distribution Inc.
- Deluxe Encore Inc.
- Deluxe Government Solutions LLC
- Deluxe India Holdings 1 LLC
- Deluxe India Holdings 2 LLC
- Deluxe Laboratories LLC
- Deluxe Media Inc.
- Deluxe Media Management Inc.
- Deluxe One LLC
- Deluxe Shared Services Inc.
- DX Holdings LLC
- Global Digital Media XChange LLC
- MediaRecall LLC
- Sfera Labs, LLC
- Sfera Studios LLC
- Softitler Net, Inc.
- TS GP 2 LLC
- TS Interest Holdco 1 LLC
- TS Interest Holdco 2 LLC
- TS US LLC

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name          Deluxe Entertainment Services Group Inc.,et al.

United States Bankruptcy Court for the:    Southern District    District of    New York
Case number *(If known)*:                                                    (State)

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest
## Unsecured Claims and Are Not Insiders                                          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the **claim** (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Skadden, Arps, Slate, Meagher, & Flom LLP Four Times Square New York, NY 10036, USA | Attn: Billing 212-735-3000 | Professional | | | | $9,160,570 |
| 2 | Canada Cinema Distribution Inc. 2101, Ste-Catherine West Suite 300 Montreal, Quebec, H3H 1M6, Canada | Attn:  Hunter Simon +1-323-817-6613 hunter.simon@technicolor.com | Trade | | | | $2,272,730 |
| 3 | Paul, Weiss, Rifkind, Wharton & Garrison 1285 Avenue of the Americas New York, NY 10019, USA | Attn:  Thomas V. de la Bastide III +1-212-373-3031 tdelabastide@paulweiss.com | Professional | | | | $1,500,031 |
| 4 | Howard Building Corporation 07 Wilshire Blvd. Suite 3750 Los Angeles, CA 90017, USA | Attn:  Matt Loorya +1-213-683-1850 mloorya@howardbuilding.com | Trade | | | | $850,622 |
| 5 | Amazon Web Services, Inc. 410 Terry Avenue North Seattle, WA 98109, USA | Attn:  Trevor Thompson +1-347-683-6237 trevorwt@amazon.com | Trade | | | | $829,745 |
| 6 | Ernst & Young LLP 725 South Figueroa Street Suite 500 Los Angeles, CA 90017, USA | Attn:  Matthew Snow +1-213-977-3200 matthew.snow@ey.com | Professional | | | | $827,500 |
| 7 | Larsen and Toubro Infotech Limited 2035 Lincoln Highway, Suite 3000 Edison, NJ, 08817 USA | Attn:  Raji Vishwanathan +91 22 4215 9509 raji.vishwanathan@centrum.co.in | Trade | | | | $783,152 |
| 8 | Adecco Employment Services Inc. | Attn:  Brad Macdonald +1-904-232-4520 | Trade | | | | $725,632 |

| Debtor | | Case Number (if known) | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| | Department LA 21403 Pasadena, CA 91185-1403, USA | brad.macdonald@adeccogroup.com | | | | | |
| 9 | TPF Equity REIT Operating Partnership 234 S. Brand Blvd, Suite 800 Glendale, CA 91204, USA | Attn:  President or General Counsel +1-617-951-4153 | Trade | | | | $634,677 |
| 10 | ALT Systems, Inc. 2777 N. Ontario Street, Suite 210 Burbank, CA 91504, USA | Attn:  Terry Marshall, Sr. Account Executive +1-818-504-6800 terry@altsystems.com | Trade | | | | $632,210 |
| 11 | Technicolor Global Logistics, LLC 3233 E. Mission Oaks Blvd. Camarillo, CA 93012, USA | Attn:  Hunter Simon +1-323-817-6613 jeff.eisner@technicolor.com | Trade | | | | $480,401 |
| 12 | IT Creations, Inc. 9142 Independence Ave Chatsworth, CA 91311, USA | Attn:  Alex Gorban +1-818-975-3100 alex@itcreations.com | Trade | | | | $460,604 |
| 13 | Studio Hamburg Synchron GmbH Jenfelder Allee 80 Hamburg, 2, 22039, Germany | Attn:  Johannes Zull +49 (0)40 6688-0 info@studio-hamburg.de | Trade | | | | $439,039 |
| 14 | BDO USA LLP 600 Anton Boulevard Suite 500 Costa Mesa, CA, 92626 USA | Attn:  Matthew Bartholomew +1-281-468-8294 mbartholomew@bdo.com | Trade | | | | $438,627 |
| 15 | Snyder 959 Seward, LLC 5757 Wilshire Blvd., PH-30 Los Angeles, CA 90036, USA | Attn:  Gail Pena +1-818-763-3200 gail.pena@jhsnyder.net | Trade | | | | $386,631 |
| 16 | Metro-Goldwyn Mayer Inc. 245 N. Beverly Drive Beverly Hills, CA 90210-5317, USA | Attn:  Pamela Reynolds +1-310-449-3133 cbrearton@mgm.com | Trade | | | | $375,000 |
| 17 | Newegg Business, Inc. 17560 Rowland Street City of Industry, CA 91748, USA | Attn:  Joshua T. Cordle +1-626-271-1321 ext. 24628 joshua.t.cordle@newegg.com | Trade | | | | $340,158 |
| 18 | The Foundry Visionmongers Ltd. 48 5 Golden Square , London, W1F 9BS, UK | Attn:  President or General Counsel +44 20 7479 4350 info@foundry.com | Trade | | | | $333,341 |
| 19 | Scenarist LLC PO Box 2603 Novato, CA 94945, USA | Attn:  Chris Neely +1-415-493-8842 chris.neely@scenarist.com | Trade | | | | $332,773 |
| 20 | CoreSite Services, Inc. 1050 17th Street, Suite 800 Denver, CO 80265, USA | Attn:  Jordan Orsolini +1-213-327-1214 jordan.orsolini@coresite.com | Trade | | | | $322,250 |

Debtor _____        Case Number (if known) _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21  Globant LLC 875 Howard Street, Suite 320 San Francisco, CA 94103, USA | Attn:  Senn Moses, Managing Director +1-310-739-3379 senn.moses@globant.com | Trade | | | | $314,842 |
| 22  Hudson Pacific Properties, L.P. 11601 Wilshire Blvd. Ste 900 Los Angeles, CA 90025, USA | Attn:  President or General Counsel +1-310-445-5700 info@hudsonppi.com | Trade | | | | $314,030 |
| 23  Hewlett Packard Financial Services 200 Connell Drive Suite 5000 Berkeley Heights, NJ 7922, USA | Attn:  Paul T. Porrini +1-610-717-5045 paul.porrini@hp.com | Trade | | | | $312,266 |
| 24  Osler, Hoskin & Harcourt LLP 1 First Canadian Pl. PO Box 50 Toronto, Ontario M5X 1B8, Canada | Attn:  Peter Franklyn +1-416-862-6494 pfranklyn@osler.com | Professional | | | | $281,148 |
| 25  PWC Holdings No. 21 LLC 300 Madison Avenue New York, NY 10017, USA | Attn:  Mitchel R. Aeder +1-646-471-3000 mitch.aeder@us.pwc.com | Professional | | | | $246,584 |
| 26  TWE Solutions 13900 Marquesas Way #6006 Marina Del Rey, CA 90292, USA | Attn:  David Jones +1-215-300-1713 djones@twe-solutions.com | Trade | | | | $238,871 |
| 27  LinkedIn Corporation 62228 Collections Center Drive Chicago, IL 60693-0622, USA | Attn:  President or General Counsel +1-650-687-3600 kvelasco@linkedin.com | Trade | | | | $210,775 |
| 28  Tohokushinsha Film Corporation 4-8-10 Akasaka, Minato-Ku Tokyo, 13, 1078460, Japan | Attn:  President or General Counsel +81-3-5414-0301 prkyoyu@tfc.co.jp | Trade | | | | $204,347 |
| 29  SGI QC, LLC 4821 Lankershim Boulevard #F197 North Hollywood, CA, 91601, USA | Attn:  Cinema Quality Control Services +1-818-287-8723 info@sgihollywood.com | Trade | | | | $198,857 |
| 30  Glovision Inc. Minamimomachi 3 Tokyo 160-0012, Japan | Attn:  Kenichi Tasaka +81-3-3359-7121 tasaka@glovision.co.jp | Trade | | | | $196,515 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELUXE (DELAWARE) CANADA HOLDINGS CORPORATION, | ) Case No. 19-_____(___) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Deluxe (Delaware) Canada Holdings Corporation | Deluxe Entertainment Services Group Inc. | 2400 West Empire Avenue Burbank, CA 91504 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| DELUXE (DELAWARE) CANADA | ) Case No. 19-_____(___) |
| HOLDINGS CORPORATION, | ) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Deluxe Entertainment Services Group Inc. | 100% |

| Fill in this information to identify the case and this filing: | | |
|---|---|---|
| Debtor Name | Deluxe (Delaware) Canada Holdings Corporation | |
| United States Bankruptcy Court for the: | Southern District of New York | New York |
| | | (State) |
| Case number (If known): | | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration  List of Equity Security Holders, Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 10/03/2019 | ☒ */s/ Eric Cummins* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **John Eric "Eric" Cummins** |
| | Printed name |
| | **Executive Vice President & Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**BOBCO PRODUCTIONS, LLC, ET AL.**

---

**OMNIBUS CONSENT OF THE
BOARD OF DIRECTORS
AND SOLE MEMBER**

---

## October 2, 2019

The undersigned, being all of the members of the board of directors or the sole member (each, a "Board"), as applicable, of each of the Companies listed on Schedule 1 attached hereto (each a "Company" and collectively, the "Companies") hereby take the following actions and adopt the following resolutions by written consent, as of the date first set forth above, in lieu of a meeting of each Board pursuant to (1) Section 141(f) of the Delaware General Corporation Law, (2) Section 18-302(d) of the Delaware Limited Liability Company Act, and (3) Sections 307 and 17704.07(n) of the California General Corporation Law, as applicable for each Company:

**WHEREAS,** the Companies are party to that certain restructuring support agreement, dated August 30, 2019, by and among (i) the Companies and certain of their affiliates, (ii) certain of the Companies' term loan lenders, and (iii) MacAndrews & Forbes Media Group, Inc., MAFCO Three LLC, and MacAndrews Deluxe Holdings LLC, (such agreement, the "RSA") which RSA contemplates an out-of-court exchange offer or prepackaged chapter 11 filing to implement a comprehensive restructuring of the capital structure of Deluxe Entertainment Services Group Inc. and certain of its affiliates, on the terms set forth therein;

**WHEREAS**, the parties to the RSA have engaged in good-faith, arm's-length negotiations and determined to amend the RSA substantially on the terms presented to the Boards on the date hereof (the "Amended RSA") and prepare to implement the transactions contemplated by the Amended RSA;

**WHEREAS,** the Amended RSA contemplates, among other things, entry into the DIP Financing, initiating solicitation of votes on the Plan, and filing the Chapter 11 Case, each as defined and more fully described herein;

**WHEREAS,** the Companies and their advisors have apprised the Boards of the key terms of the Amended RSA, the Plan, the Disclosure Statement, and the DIP Financing and the Boards have had the opportunity to review the forms or key terms of such documents; and

**WHEREAS,** the Boards considered presentations by the Companies' management and advisors of the Companies regarding the liabilities and liquidity situation of the Companies and their affiliates and subsidiaries, the strategic alternatives available to them, and the effect of the foregoing on the Companies' business and has determined, in the business judgment of the Boards and based on the recommendation from the Companies' management and advisors, that the following resolutions are in the best interests of the Companies and their creditors.

**NOW, THEREFORE, BE IT,**

## I.   ENTRY INTO THE AMENDED RESTRUCTURING SUPPORT AGREEMENT AND COMMENCEMENT OF SOLICITATION

**RESOLVED,** that in the business judgment of the Boards and based on the recommendation from the Companies' management and advisors, it is desirable, and in the best interests of the Companies, their creditors, and other parties in interest, to enter into the Amended RSA; and further

**RESOLVED,** that the Companies' execution and delivery of, and their performance of their obligations in connection with the Amended RSA, including launching solicitation on the *Joint Prepackaged Plan of Reorganization of Deluxe Entertainment Services Group Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* substantially in the form presented to the Boards on the date hereof (the "Plan"), by sending all holders entitled to vote on the Plan the *Disclosure Statement for the Joint Prepackaged Plan of Reorganization of Deluxe Entertainment Services Group Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* substantially in the form presented to the Boards on the date hereof (the "Disclosure Statement"); and further

**RESOLVED,** that each of the Chief Executive Officer, the Chief Financial Officer, the President, any Vice President and any other officer of each Company (collectively, the "Authorized Signatories") is hereby authorized and empowered to negotiate the terms of and to execute, deliver, and perform under the Amended RSA and any and all other documents, certificates, instruments, or agreements required to consummate the transactions contemplated by the Amended RSA to which the Companies are parties in the name and on behalf of the Companies, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof (by facsimile or other means of electronic transmission, engraved, or printed as deemed necessary and preferable); and further

## II.   CHAPTER 11 FILING AUTHORITY

**RESOLVED,** that in the business judgment of the Boards and based on the recommendation from the Companies' management and advisors, it is desirable and in the best interests of the Companies (including a consideration of its creditors and other parties in interest) that the Companies are hereby authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the Southern District of New York (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and further

**RESOLVED,** that each of the the Authorized Signatories, acting alone or with one or more other Authorized Signatories are authorized and empowered to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without

limitation, any action necessary to maintain the ordinary course operation of the Companies' business; and further

### III.  **RETENTION OF PROFESSIONALS**

**RESOLVED,** that each of the Authorized Signatories is authorized and empowered to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland; and further

**RESOLVED,** that each of the Authorized Signatories is authorized and empowered to employ the firm AlixPartners, LLP ("Alix") as financial advisors to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and, in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Alix; and further

**RESOLVED,** that each of the Authorized Signatories is authorized and empowered to employ the firm PJT Partners LP ("PJT"), as investment banker to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is authorized and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT; and further

**RESOLVED,** that each of the Authorized Signatories is authorized and empowered to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk; and further

**RESOLVED,** that each of the Authorized Signatories is authorized and empowered to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and empowered to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and further

**RESOLVED,** that each of the Authorized Signatories is, with power of delegation, authorized and empowered to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Companies' Chapter 11 Cases; and further

## IV.  CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED,** that the Companies will obtain benefits from:  (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to (i) that certain Fifth Amended and Restated Credit Agreement, dated as of July 31, 2019 (as further amended, amended and restated, supplemented or otherwise modified from time to time), by and among Deluxe Entertainment Services Group Inc., DX Holdings LLC and the guarantors party thereto, Credit Suisse AG (the "Agent"), in its capacity as administrative agent and collateral agent, and the lenders party thereto, (ii) that certain Senior Secured Priming Delayed Draw Term Loan Credit Agreement, dated as of July 31, 2019 (as amended, amended and restated, supplemented or otherwise modified from time to time), by and among Deluxe Entertainment Services Group Inc., DX Holdings LLC and the guarantors party thereto, the Agent, in its capacity as administrative agent and collateral agent, and the lenders party thereto, (iii) that certain Senior Secured Super Priming Term Loan Credit Agreement, dated as of September 19, 2019 (as amended, amended and restated, supplemented or otherwise modified from time to time), by and among Deluxe Entertainment Services Group Inc., DX Holdings LLC and the guarantors party thereto, the Agent, in its capacity as administrative agent and collateral agent, and the lenders party thereto, and (iv) that certain Third Amended and Restated Asset-Based Revolving Credit Agreement, dated as of July 31, 2019 (as further amended, amended and restated, supplemented or otherwise modified from time to time), by and among Deluxe Entertainment Services Group Inc., DX Holdings LLC, the Agent, in its capacity as administrative agent, Bank of America, N.A., as collateral agent, and the lenders party thereto; and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing"), on the terms set forth in that certain commitment letter; and further

**RESOLVED,** that in order to use and obtain the benefits of the (a) DIP Financing and (b) Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in proposed interim and final orders (respectively, the "Interim DIP Order" and the "Final DIP Order") and submitted for approval to the Bankruptcy Court; and further

**RESOLVED,** that the form, terms, and provisions of the Interim DIP Order and Final DIP Order to which the Companies are or will be subject, as applicable, and the actions and transactions contemplated thereby are authorized, adopted, and approved, and each of the Authorized Signatories of the Companies are authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order and the Final DIP Order, as applicable, and such other agreements, certificates, instruments, receipts, petitions,

motions, or other papers or documents required to consummate the transaction contemplated by the Interim DIP Order or the Final DIP Order to which the Companies are or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Boards, (collectively with the Final DIP Order, the "DIP Documents") with such changes, additions, and modifications thereto as any of the Authorized Signatories executing the same shall approve, such approval to be conclusively evidenced by his or her execution and delivery thereof; and further

**RESOLVED,** that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations; and further

**RESOLVED**, that each of the Authorized Signatories of the Companies is authorized and empowered, and each of them acting alone is authorized and empowered in the name of, and on behalf of, the Companies, as a debtor and debtor in possession, to take such actions as in his or her discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "DIP Financing Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other DIP Financing Document; and further

**RESOLVED**, that each of the Authorized Signatories of the Companies is authorized and empowered in the name of, and on behalf of, the Companies to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Companies that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the Agents may reasonably request to perfect the security interests of the Agent under the DIP Order; and further

**RESOLVED**, that each of the Authorized Signatories of the Companies are authorized and empowered in the name of, and on behalf of, the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in his or her sole judgment be necessary, proper, or advisable to perform the Companies' obligations under or in connection with the DIP Order or any of the other DIP

Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and further

## V.    **GENERAL**

**RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) is authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in her or her judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and further

**RESOLVED,** that the Boards have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and further

**RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Boards.

*[Remainder of Page Intentionally Left Blank]*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first above written.

_____
John Wallace

_____
John Eric Cummins

**DELUXE CREATIVE SERVICES INC.**

**DELUXE ENTERTAINMENT SERVICES GROUP INC.**

**DELUXE INDIA HOLDINGS 1 LLC**

**SOFTITLER NET, INC.**

**TS INTEREST HOLDCO 1 LLC**

**DELUXE MEDIA INC.**

By:_____
Name:  John Eric Cummins
Title:   Executive Vice President, Chief Financial Officer and Treasurer

Signature Page to
Omnibus Consent

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first above written.

_____
John Wallace

_____
John Eric Cummins

**DELUXE CREATIVE SERVICES INC.**

**DELUXE ENTERTAINMENT SERVICES GROUP INC.**

**DELUXE INDIA HOLDINGS 1 LLC**

**SOFTITLER NET, INC.**

**TS INTEREST HOLDCO 1 LLC**

**DELUXE MEDIA INC.**

By: _____
Name: John Eric Cummins
Title:   Executive Vice President, Chief Financial
         Officer and Treasurer

**Schedule 1**

| Company | Board of Directors or Sole Member, as applicable |
|---|---|
| 1. Bobco Productions, LLC, a Delaware limited liability company<br>2. Deluxe 3D LLC, a Delaware limited liability company<br>3. Deluxe India Holdings 1 LLC, a Delaware limited liability company | Deluxe Creative Services Inc., its sole member |
| 4. Deluxe Creative Services Inc., a Delaware corporation<br>5. Deluxe (Delaware) Canada Holdings Corporation, a Delaware corporation<br>6. Deluxe Digital Cinema Inc., a Delaware corporation<br>7. Deluxe Digital Distribution Inc., a Delaware corporation<br>8. Deluxe Encore Inc., a Delaware corporation<br>9. Deluxe Media Inc., a Delaware corporation<br>10. Deluxe Media Management Inc., a Delaware corporation<br>11. Deluxe Shares Services Inc., a Delaware corporation<br>12. Softitler Net, Inc., a California corporation | John Wallace<br>John Eric Cummins |
| 13. Deluxe Government Solutions LLC, a Delaware limited liability company<br>14. Global Digital Media Xchange LLC, a Delaware limited liability company<br>15. TS Interest Holdco 1 LLC, a Delaware limited liability company<br>16. Deluxe One LLC, a Delaware limited liability company<br>17. TS GP 2 LLC, a Delaware limited liability company<br>18. Deluxe Laboratories LLC, a Delaware limited liability company | Deluxe Entertainment Services Group Inc., its sole member |
| 19. Deluxe India Holdings 2 LLC, a Delaware limited liability company | Deluxe India Holdings 1 LLC, its sole member |
| 20. SFERA Labs, LLC, a California limited liability company<br>21. SFERA Studios LLC, a California limited liability company | Softitler Net, Inc., its sole member |
| 22. TS Interest Holdco 2 LLC, a Delaware limited liability company<br>23. TS US LLC, a Delaware limited liability company | TS Interest Holdco 1 LLC, its sole member |
| 24. MediaRecall LLC, a Delaware limited liability company | Deluxe Media Inc., its sole member |